UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MILES ORLANDO LEE,           :   CIVIL NO. **4:06-CV-1824**
                             :
            Plaintiff        :   (Judge Jones)
                             :
        v.                   :   (Magistrate Judge Smyser)
                             :
MR. LINDSAY, Warden, U.S.P.  :
Canaan, et al.,              :
                             :
            Defendants       :

## <u>REPORT AND RECOMMENDATION</u>

The plaintiff, a federal prisoner proceeding *pro se*, commenced this civil action by filing a complaint on September 18, 2006.

The complaint names the following officials and employees at the United States Penitentiary at Canaan (USP Canaan) as defendants: 1) Mr. Gambone, a counselor; 2) Mr. Lindsey, the Warden; 3) another Mr. Lindsey, a unit manager; 4) Mr. Karmen, an associate warden; 5) Mr. Lara, a captain; 6) Mr. Yzeik, a teacher/law library coordinator; 7) Mr. Zevan, a teacher; 8) Ms. Reibsome, a case manager; 9) Mr. Dunstone, a case manager; 10) Mr. Bell, a disciplinary hearing officer;

11) Ms. Guy, a teacher tech; 12) Ms. Moser, a case manager; and 13) Mr. Cook, a psychiatric doctor.

The plaintiff claims *inter alia* that the defendants retaliated against him for filing administrative remedies.

On October 18, 2006, the plaintiff filed a motion to amend his complaint.  The plaintiff did not file a brief in support of the motion to amend that he filed on October 18, 2006.  Pursuant to Local Rule 7.5, the motion was deemed withdrawn.

On November 14, 2006, the plaintiff filed a second motion to amend his complaint.  On November 14, 2006, the plaintiff filed a document entitled "Memorandum of Clarification."  By an Order dated December 1, 2006, we construed that document as the plaintiff's brief in support of his second motion to amend his complaint.  We noted in the Order of December 1, 2006, that pursuant to Fed.R.Civ.P. 15(a) the plaintiff may amend his complaint once without leave of court at any time before the defendants file a responsive pleading, that the defendants had not filed a responsive pleading, and, that, therefore, the plaintiff is permitted to

2

amend his complaint without leave of court.  Since, however, the plaintiff filed a second motion for leave to amend, we granted that motion and granted the plaintiff leave to file an amended complaint on or before January 2, 2007.  We noted that any amended complaint shall be complete in all respects, shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed, and shall be "simple, concise, and direct" as required by the Rules of Civil Procedure.

The plaintiff did not file an amended complaint. Rather, on December 13, 2006, the plaintiff filed another motion to amend his complaint, and on December 18, 2006, the plaintiff filed a brief in support of his motion to amend.  By an Order dated February 20, 2007, we noted that since the defendants still have not filed a responsive pleading in this case, the plaintiff does not need leave of court to file an amended complaint.  We denied the plaintiff's motion to amend without prejudice to the plaintiff filing an amended complaint at any time before the defendants file a responsive pleading. We noted in the Order of February 20, 2006, that the plaintiff may have intended his most recent motion to amend and brief in support to be construed as his amended complaint.  We

3

indicated, however, that we will not construe the motion to amend and brief as an amended complaint.  We indicated that an amended complaint should be titled as an amended complaint and not as a motion or brief and that any amended complaint filed by the plaintiff must be complete in all respects and must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.

The plaintiff has not filed an amended complaint.

In this Report and Recommendation, we address a motion (doc. 21) for a preliminary injunction filed by the plaintiff. The plaintiff is seeking an order transferring him to the Bureau of Prisons' 500 hour drug program and restoring good time credits and privileges (phone, visitation & commissary) that were taken from him.  The plaintiff contends in connection with his motion that he was refused participation in the 500 hour drug program and that his privileges and good time credits were taken away in retaliation for his filing of an application for an administrative remedy.

In order to obtain a preliminary injunction, the moving party must show: (1) a reasonable probability of success on the

4

merits of the litigation and (2) that the movant will be irreparably injured pendente lite if relief is not granted. *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). "Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court 'should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.'" *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994)(quoting *Delaware River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 920 (3d Cir. 1974)).  The determination of whether a preliminary injunction should be issued depends on a balancing of these factors. *Punnett, supra*, 621 F.2d at 582. "Furthermore, when the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Id*.

The United States[1] argues that the plaintiff in his complaint did not request the injunctive relief that he now is seeking in his motion for a preliminary injunction and, therefore, the court should deny the plaintiff's motion for a preliminary injunction.

A court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985). *See also Kaimowitz v. Orlando*, 122 F.3d 41, 43 (3d Cir. 1997).

Apart from seeking the demotion of the defendants, the plaintiff did not request injunctive relief in his complaint. The plaintiff, however, does claim in his complaint that the defendants retaliated against him.  He also complains that

---

1.  The United States filed a brief in opposition to the plaintiff's motion for a preliminary injunction.  The United States notes that, as of the date it filed its brief, the United States Attorney's office does not have authority to represent the defendants in their individual capacities.  The United States further notes that to the extent that the plaintiff brings this action against the defendants in their official capacities the action is really against the United States.

defendant Bell maliciously and intentionally took his phone privileges for a year, placed him in segregation and took 13 days of good time credit from him.  We conclude that the issue raised by the plaintiff in his motion for a preliminary injunction regarding the suspension of his privileges and the taking of his good conduct time credits is not entirely different from one of the issues raised in the complaint.  On the other hand, the complaint makes no allegations regarding the denial of placement into the 500 hour drug program.  Since that issue is not raised in the plaintiff's complaint, we conclude that it would not be appropriate to grant injunctive relief in the form of an order placing the plaintiff (or directing the defendants to place the plaintiff) into the drug program.[2]

Moreover, the plaintiff does not present a basis for the court to consider there to be a reasonable probability that the plaintiff can succeed on the merits of a retaliation claim based on the denial of placement in the 500 hour drug program.

---

2.  The plaintiff contends that he raised a claim regarding the 500 hour drug program in his amended complaint.  As set forth above, the plaintiff has not filed an amended complaint and the plaintiff's motion for leave to amend has not been construed as an amended complaint.

7

A prisoner claiming that prison officials have retaliated against him for exercising his constitutional rights must prove that: 1) the conduct of which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendants. *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002). "Once a prisoner has made his *prima facie* case, the burden shifts to the defendant to prove by a preponderance of the evidence that it 'would have made the same decision absent the protected conduct for reasons reasonably related to penological interest.'" *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 334 (3rd Cir. 2001)).

The plaintiff has not presented or referred to evidence sufficient to support an inference that his filing of an application for an administrative remedy was a substantial or motivating factor in the decision to deny him admission into the 500 hour drug program. All that the plaintiff asserts in his brief is that he was denied admission into the drug program after he filed an application for an administrative remedy. He asserts that he filed his application for an administrative

remedy on June 15, 2006.  He does not assert the date on which he was denied admission into the drug treatment program. Although a denial of admission into the drug program sometime after the filing of an application for an administrative remedy may provide some evidence of a causal connection, we conclude that that alone would not be sufficient for the plaintiff to carry his burden of showing a reasonable probability of success on the merits of his claim.

Similarly, with regard to the plaintiff's telephone, visitation and commissary privileges, the plaintiff has not presented or referred to evidence sufficient to support an inference that his filing of an application for an administrative remedy was a substantial or motivating factor in the decision to suspend those privileges.  The plaintiff's own allegations indicate that the privileges were suspended as a result of a disciplinary proceeding.  The plaintiff has not provided support for his assertion that his privileges were suspended in retaliation for his filing of an application for an administrative remedy.

In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Court held that when a prisoner "is challenging the very fact

9

or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."   To the extent that the plaintiff is seeking return of his good time credits he must pursue that claim in a habeas corpus case not in a civil rights case such as the instant case.

Because we conclude that the plaintiff has not shown a a reasonable probability of success on the merits of his claims, we will recommend that the plaintiff's motion for a preliminary injunction be denied.

Based on the foregoing, it is recommended that the plaintiff's motion (doc. 21) for a preliminary injunction be denied and that the case be remanded to the undersigned for further proceedings.

_/s/ J. Andrew Smyser_
J. Andrew Smyser
Magistrate Judge

Dated:  March 7, 2007.

10