## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MILES ORLANDO LEE,                    :       No.  4:CV-06-1824
                                      :
                                      :
            Plaintiff                 :       (Judge Jones)
                                      :
            v.                        :       (Magistrate Judge Smyser)
                                      :
MR. LINDSAY, Warden, U.S.P.- Canaan,  :
et al.,                               :
            Defendant                 :


## MEMORANDUM AND ORDER

April 13 , 2007

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Miles Orlando Lee ("Plaintiff" or "Lee), proceeding *pro se*,

initiated this civil rights action by a filing a complaint on September 18, 2006.

(Rec. Doc. 1). Lee is presently incarcerated at the United States Penitentiary at

Lewisburg, Pennsylvania.  On December 18, 2006, Plaintiff filed a motion for a

preliminary injunction (doc. 21), seeking an order transferring him to the Bureau

of Prisons' 500 hour drug treatment program and restoring good time credits and

privileges (phone, visitation and commissary) that were taken from him.  The

Plaintiff contends in his motion that he was refused participation in the 500 hour

drug treatment program and that his privileges and good time credit were taken from him in retaliation for his filing of an application for an administrative remedy.

On March 7, 2007, Magistrate Judge Smyser issued a Report and Recommendation (doc. 40), recommending that the Plaintiff's motion for a preliminary injunction be denied and that the case be remanded to Magistrate Judge Smyser for further proceedings.  Objections to the Magistrate Judge's report were due by March 29, 2007, and to date, none have been filed.  This matter is therefore ripe for our review.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION**:

Our review of this case confirms Magistrate Judge s Smyser's

determinations and well-reasoned analysis, and while we have not been presented

with any reason to revisit them, we do reiterate the salient aspects of the

Magistrate Judge's report.

First, Magistrate Judge Smyser summarizes the legal standards governing

the granting of preliminary injunctions. In order to obtain a preliminary

injunction, the moving party bears the burden of showing: (1) reasonable

probability of success on the merits; and (2) that the movant will be irreparably

injured *pendente lite* if the relief is not granted. Punnett v. Carter, 621 F.2d 578,

582 (3d Cir. 1980). Other factors for the Court's consideration include "(3) the

possibility of harm to other interested persons from the grant or denial of the

injunction and (4) the public interest." Acierno v. New Castle County, 40 F.3d

645, 652 (3d C ir. 1994)(quoting Delaware River Port Auth. v. Transamerican

Trailer Transp., Inc., 501 F.2d 917, 920 (3d Cir. 1974)). The determination of

whether to grant a preliminary juncture depends on a balancing of these factors.

Second, Magistrate Judge Smyser notes that the Plaintiff did not request

injunctive relief in his complaint, other than seeking the demotion of the

Defendants. (Rec. Doc. 1). As noted by Magistrate Judge Smyser, it is well

established that a court may not grant a preliminary injunction when the issues

raised in the motion for a preliminary injunction are entirely different from those

raised in the complaint. See Stewart v. United States Immigration and Naturalization Service, 762 F. 2d 193, 198-199 (2d Cir. 1985); see also Kaimowitz v. Orlando, 122 F.3d 41, 43 (3d Cir. 1997).

Third, Magistrate Judge Smyser concludes that the Plaintiff does not present a basis for the Court to consider there to be a reasonable probability of success on the merits of Plaintiff's retaliation claim. The Magistrate Judge finds that, and we agree, that the Plaintiff has simply not presented or referred to evidence sufficient to support an inference that his filing of an application for an administrative remedy was a substantial or motivating factor in the decision to deny him admission into the 500 hour drug treatment program. Furthermore, the Plaintiff's own allegations indicate that his privileges were suspended as a result of a disciplinary proceeding, which does not support his assertion that this was done in retaliation for his filing of an application for an administrative remedy.

Finally, Magistrate Judge Smyser recommends that the Plaintiff's motion for a preliminary injunction be denied.

Our review of this case obviously confirms Magistrate Judge Smyser's determinations. Because we find no error in Magistrate Judge Smyser's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein

4

# NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   The Report and Recommendation (doc. 40) is ADOPTED in its

     entirety.

2.   Plaintiff's Motion for a Preliminary Injunction (doc. 21) is DENIED.

3.   This case is REMANDED to Magistrate Judge Smyser for further

     proceedings.

John E. Jones III
United States District Judge